[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF TRIAL REFEREE
A. FINDINGS OF FACT.
1. All property involved in this action was CT Page 3300 originally owned by Floyd R. Welch and Olive Marjorie Welch, both of the Town of East Lyme, County of New London and State of Connecticut.
2. On August 21, 1978, Floyd R. Welch and Olive Marjorie Welch (defendants Scotts' predecessors in title) deeded to Lawrence Spring and Marguerite Spring (plaintiffs' predecessors in title) a tract of land in the Town of East Lyme, County of New London and State of Connecticut, described as follows:
 Commencing at a mark in a stonewall in the easterly line of Stone's Ranch Road at the northwest corner of the land of Spring; thence running northerly 400 feet along Stone's Ranch Road up to another marker and land of Welch; thence running easterly 1,110 feet, more or less, along said Welch land to a marker in another stonewall; thence running southerly 400 feet along said stonewall to land now or formerly of Rix; thence running westerly along the stonewall and land now or formerly of Spring and now or formerly of Rix, a total of 1,110 feet, more or less, to the marker at the place of beginning. (Emphasis added)
This conveyance was by warranty deed recorded in Volume 177,
3. The deed description was originally prepared by the grantor, Floyd R. Welch, not by an attorney or a surveyor.
4. The intent of the deed was to convey 10 acres at $3,500.00 per acre for a total purchase price of $35,000.00.
5. Although the deed recites markers, a survey of the premises in 1979 by J. Robert Pfanner, assisted by David Coonrod, failed to locate any such markers. Reference markers were in place at the time of trial, but the dates of their erection and the motivation for their erection are uncertain.
6. The deed description drafted by Mr. Welch when compared to field conditions, contains the following ambiguities:
 (a) The northerly bound of 1,110 feet does not end in "another stone wall". Rather, it falls in a field between two stone walls;
CT Page 3301
 (b) If the northerly bound terminates at the stone wall nearest Stone's Ranch Road and runs easterly with it, then it intersects the stone wall on the southerly boundary at a point where the southerly bound would be 313 feet, more or less, shorter than the 1,110 feet called for in the description; and
 (c) If the northerly bound terminates at the stone wall furthest from Stone's Ranch Road and runs easterly with it, both the northerly and southerly bounds substantially exceed 1,110 feet.
7. While bounds of 1,110 feet by 400 feet result in approximately 10 acres of land, use of the stone wall nearest Stone's Ranch Road as the easterly bound results in acreage approximately 1.9 acres less than 10 acres, and use of the stone wall furthest from Stone's Ranch Road as the easterly bound results in acreage far in excess of 10 acres.
8. On August 6, 1979, Floyd R. Welch and Olive Marjorie Welch deeded land northerly of and adjacent to the Spring property to Lawrence Davis and Laurie Welch Davis (the daughter of Floyd R. Welch and Olive Marjorie Welch) by warranty deed recorded at Volume 180, Page 113 of the East Lyme Land Records.
9. The description in the deed from Welch to Davis was based on a survey performed by J. Robert Pfanner, with the assistance of David Coonrod and included the following description of the intersection of the Davis and Spring parcels:
 ". . .thence running south 23 degrees — 0' — 35" east, 55 feet along said Welch land to the northeast corner of said Spring land; thence running south 81 degrees — 6' — 45" west, 1,110 feet along Spring land to the first mentioned stone wall. . ."
10. The legal description of the land conveyed from Welch to Davis and the map on which it is based ignore the stone wall as the easterly bound to the Spring property and assumes that the Spring deed conveys a parcel with a northerly bound of 1,110 feet and an easterly bound unrelated to a stone wall.
11. While conducting the survey for the Davis transfer, David Coonrod noticed the discrepancy between the CT Page 3302 stated 1,110 foot distance and the stone wall and asked Floyd R. Welch what the intention of the transfer to Spring had been. Mr. Welch told Mr. Coonrod that the intention was to convey property with a northerly bound of 1,110 feet, regardless of proximity to stone walls. Mr. Coonrod, in helping to prepare the survey for the Welch conveyance to Davis, therefore, ignored the stone wall to establish the easterly bound.
12. The Welch to Davis survey, incorporating the dimensional description of the northerly and easterly bounds to the Spring property, rather than reference to the stone wall, was presented to the East Lyme Planning Commission as a subdivision plan and was accepted by the Chairman of said Planning Commission on June 5, 1979.
13. Since the transfer from Welch to Spring, the assessor's office of the Town of East Lyme has consistently mapped and assessed the Spring and Welch parcels in accordance with the 1,110 feet by 400 feet dimensions as shown on the Davis subdivision map, rather than with reference to the stone wall. Spring's successors in title have, therefore, paid taxes on the 1.9 acre are between the stone wall nearest Stone's Ranch Road and the easterly bound measured at 1,110 feet from said road.
14. In 1987, Marguerite Spring, survivor of Lawrence Spring, proposed her premises for subdivision and retained J. Robert Pfanner and Associates, P.C. to develop a subdivision map showing four lots, one being the Spring premises on Stone's Ranch Road, and the other three being interior lots serviced by a cul-de-sac.
15. The subdivision plan utilized the dimensional descriptions of the Spring property, rather than referring to the stone wall as the easterly bound.
16. The subdivision was the subject of a public hearing, duly noticed to the public, and none of the defendants opposed it or questioned the dimensions on which it was based.
17. If the stone wall closest to Stone's Ranch Road is used as the easterly bound, at least one of the three lots on said subdivision plan would not be buildable, due to dimensional and wetland considerations.
18. On March 15, 1988, the Chairman of the East Lyme Planning Commission signed the plan, noticing the Commission approval of said subdivision. CT Page 3303
19. On May 31, 1988, Marguerite Spring sold the three undeveloped subdivision lots to the plaintiffs, James Stewart McKay and Mary L. McKay, for $184,900.00 by warranty deed recorded in Volume 265, Page 23 of the East Lyme Land Records. The description in said deed was based upon the 1,110 feet northerly bound and did not utilize a stone wall as the easterly bound.
20. At some time during the 1980's, prior to the transfer to McKay, Floyd R. Welch had confronted Mrs. Spring and told her that he claimed all property east of the stone wall nearest Stone's Ranch Road. Mrs. Spring, however, replied that she owned property 1,110 feet by 400 feet, and while Mr. Welch never agreed to her assertion, he took no formal legal steps to challenge it while Mrs. Spring owned the property.
21. Marguerite Spring never informed the plaintiffs, McKays, of Mr. Welch's assertion. Title was certified to the McKays based on the dimensions of the subdivision map and the dimensions of the Welch to Spring deed, with no reference to the stone wall as the easterly bound.
22. The plaintiffs, McKays, were innocent and unaware of Mr. Welch's claim until on or about December 1, 1988, when they received a letter from Granville R. Morris, Attorney for Floyd R. Welch and Olive Marjorie Welch as well as their then successors in title, Wilson P. Scott and Clara A. Scott, claiming all property east of the stone wall closest to Stone's Ranch Road.
23. On October 7, 1988, Floyd R. Welch and Olive Marjorie Welch had sold their property surrounding the Davis and Spring/McKay parcels for $1,054,000.00 to the defendants, Wilson P. Scott and Clara A. Scott, by warranty deed recorded in Volume 27, Page 292 of the East Lyme Land Records.
24. Said deed from Welch to Scott referred to the stone wall as the easterly bound of both the Davis and Spring/McKay parcels, and to that extent contradicted the conveyance from Welch to Davis in 1979.
25. Prior to the transfer, Welch had disclosed to Scott that there was a disagreement regarding the easterly bound of the Spring/McKay land and the value of the 1.9 acres in dispute had been, consequently, discounted in arriving at the purchase price. CT Page 3304
26. Attached hereto for reference as Addendum "A" to this report is a reduced photocopy of plaintiffs' Exhibit 17, a map developed by J. Robert Pfanner and Associates, P.C. of the properties of Spring, Davis and Welch. Notations on the map, inserted by the Trial Referee, indicate the location of the first stone wall nearest Stone's Ranch Road; the second stone wall furthest from Stone's Ranch Road; the crosshatched, disputed area of approximately 1.9 acres; and the 313 feet, more or less, difference between the two stone walls on the southerly bound.
B. CONCLUSIONS OF LAW.
1. The deed from Welch to Spring contains latent ambiguities as to the location and dimensions of the northerly, easterly, and southerly boundaries of the Spring property.
2. The deed from Welch to Spring intended to convey 10 acres and could only do so if the dimensions in the description controlled over the reference to the stone wall along the easterly bound.
3. The subsequent deed from Welch to Davis indicated that Welch intended the dimensions on the Welch deed to control over the stone wall.
4. The instruction from Welch to David Coonrod, the surveyor in the resolution of the Spring ambiguities, indicated that Welch intended the dimensions to control over the stone wall.
5. The assessment and taxing of the disputed 1.9 acres, first in the name of Spring and then in the name of the McKays and never in the name of Welch, indicated that the parties intended the transfer of the 1.9 acres from Welch to Spring.
6. Spring, therefore, received from Welch on August 21, 1978 a parcel of land 1,110 feet by 400 feet, irrespective of the location of the stone wall nearest Stone's Ranch Road.
7. Spring conveyed to McKay on March 31, 1988, good title to all of the property described in the deed recorded at Volume 265, Page 23.
8. On October 7, 1988, Welch did not and could not convey good title to the disputed 1.9 acres to Scott. CT Page 3305
RECOMMENDATION:
Judgment enter in favor of the plaintiffs against the defendants, with costs, holding that the plaintiffs have legal title to the following described real property:
 That certain piece or parcel of land with all improvements thereon situated on the easterly side of Stone's Ranch Road in the Town of East Lyme, County of New London and State of Connecticut, more particularly bounded and described as follows:
 NORTHERLY: By land n/f of Lawrence R. Davis, 732.57 feet, more or less, to a point;
 EASTERLY: By land n/f of Floyd R. Welch and Olive M. Welch, 400.08 feet, more or less, to a point;
 SOUTHERLY: By land n/f of Paul C. Clancy, Sr., and Helen Clancy, Paul C. Clancy, Jr., and Mary E. Clancy, Stephen R. Toth and Kathleen McKeever, in part by each, 1,120.69 feet, more or less;
 WESTERLY: By Stone's Ranch Road 84.95 feet, more or less;
 NORTHERLY By other land of the grantor, AGAIN: 278.46 feet, more or less; and,
 WESTERLY By other land of the grantor, AGAIN: 339.90 feet, more or less, to the point and place of beginning.
 Subject to a driveway easement for ingress and egress in favor of grantor along the westerly 84.95 feet of the subject property running from Stone Ranch Road easterly a distance of 115 feet, which easement shall expire and terminate upon acceptance of Woodcock Lane as shown on the Spring Subdivision map dated October 12, 1987, last revised March 11, 1988 by J. Robert Pfanner Associates, P.C. by the Town of East Lyme.
TIMOTHY D. BATES STATE TRIAL REFEREE CT Page 3306
[EDITORS' NOTE: ADDENDUM ”A” IS ELECTRONICALLY NON-TRANSFERRABLE.]